## Hoover v. Sandomer

*Samuel S. Wenger,* for plaintiff.
*Marshall M. Cohen,* for defendant.

WISSLER, J., October 31, 1947.—Plaintiff sued defendant in trespass to recover property damages to his automobile. A complaint was filed, to which defendant

filed a preliminary objection and moved to strike off the complaint for the reason that plaintiff does not aver what damages were suffered by virtue of the accident, and fails to itemize the damages he sustained thereby.

In his complaint plaintiff sets forth, among other things, that on January 26, 1947, he had stopped his car on an alleyway leading into a parking lot on Chestnut Street, awaiting a signal from the attendant as to where to park. At the same time defendant, while immediately in front of him, without warning reversed his car at a rapid speed and struck the front of his car, by reason of which his car was crushed, damaged, bent and broken in divers ways so that plaintiff was subjected to great trouble, inconvenience and expense in the repair thereof, suffering damages in the amount of $228.87.

In the Explanatory Analysis of Goodrich-Amram, at page 122, it is stated that Pa. R. C. P. 1017(b) (2), which makes preliminary objections available on "a motion to strike off a pleading because of lack of conformity to law or rule of court" so closely parallels the language of section 21 of the Practice Act of 1915 that the decisions under the act will apply to the same question when raised under the Procedural Rules.

On the question whether it is necessary to itemize and aver the value of each item alleged to have been damaged, the decisions under the Practice Act of 1915 are not entirely harmonious. This court in Erb v. Eby, 39 Lanc. 216 (1924), Helenthal v. Geller, 41 Lanc. 652 (1929), and Ebersole v. Martin Bros., 42 Lanc. 515 (1931), held that the statement need not aver the value of each particular item alleged to have been damaged if it shows substantially the injuries done and the damages sustained. This same rule has been adopted in the courts of Philadelphia and Lackawanna Counties, in the cases of Ellsworth v. O'Keefe, 26 Dist. R. 277 (1917), and Gunning v. Scranton Railway Co., 26 Dist. R. 954 (1917).

In the instant case the complaint shows substantially the injuries done and the damages sustained, although the expression "plaintiff was subjected to great trouble, inconvenience and expense in the repair thereof," is an inept expression of a claim for repairs only, and under this pleading plaintiff at the trial thereof will be limited to proof of damages for repairs only.

And now, October 31, 1947, the preliminary objection and motion to strike off the complaint is overruled, with leave to defendant to plead over within 15 days.